UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSIE DEJOIE                                             CIVIL ACTION

VERSUS                                                    NO. 07-7069

SCOTTSDALE INSURANCE                                      SECTION: "C" (1)
COMPANY

### ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under an insurance policy with the Scottsdale Insurance Company ("Scottsdale"). The defendant removed based on diversity. Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

First, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing parties must prove by a preponderance

1

of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

In this case, the parties agree that the plaintiff had a policy limit of $100,000. Additionally, the plaintiff notes that Scottsdale has tendered payments in the amount of $54,383.16, leaving only $45,616.84 in controversy. Scottsdale argues that the policy limits plus plaintiffs claims for mental anguish, costs and attorneys' fees swell the amount in controversy above $75,000. It is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. Scottsdale must do more than point to the possibility of penalties and fees and must present facts indicating the propriety or likelihood of such penalties should the plaintiffs prevail. *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.); *De Aguilar v. Boeing Co.*, 47 F.3d 1414, 1410 n. 8, 1412 (5th Cir.1995). The amount the plaintiffs might recover is entirely speculative in this case, and the defendant points to nothing that would suggest otherwise. No allegations have been made that the pre-Katrina value of the properties was in excess of either policy limits or that the policy provides for reconstruction cost in excess of the policy limit. Even assuming the policy limits

represent an accurate value of the insured properties and that the property was a total loss, the defendant has failed to show the existence of the minimum amount in controversy required for diversity jurisdiction at the time of removal.

The Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. Because the remaining coverage is necessarily affected by any insurance payments made, the defendant has not made a showing "sufficiently particularized" to meet its burden. The Court finds that the defendant has failed to meet its burden of proof under these circumstances. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 8th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE